151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Hattie LAKE, Plaintiff-Appellant,
v.
FAIRVIEW NURSING HOME, INC. and Service Employees
International Union AFL-CIO, Local 4, Defendants-Appellees.
 No. 97-3614.
 United States Court of Appeals, Seventh Circuit.
 Argued: April 4, 1998.
Decided: July 15, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 8546. Suzanne B. Conlon, Judge.
 Before Hon. JOHN L. COFFEY, Hon. DANIEL A. MANION, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 Defendant Fairview Nursing Home, Inc. ("Fairview") fired plaintiff Hattie Lake. Lake filed a pro se complaint on December 27, 1996, alleging race discrimination against Fairview and the Service Employees International Union, AFL-CIO, Local 4 ("Union").
 
 
 2
 On January 30, 1997, the district court ordered all discovery completed and all dispositive motions filed by July 25, 1997. On February 25, attorney Rosemary A. Triplett moved to appear on behalf of Lake. The district court granted her leave to file an appearance and also cautioned the parties that "[a]ll previously set dates stand." Minute Order, Lake v. Fairview Nursing Home, Inc., No. 96 C 8546 (N.D.Ill. March 19, 1997). Lake and Triplett did not conduct any discovery.
 
 
 3
 On July 17, attorney Denise M. Mercherson filed an appearance on behalf of Lake. On that day she also requested an extension of time to complete discovery. On July 24, the district court granted Mercherson leave to file an appearance but denied her motion for an extension of time to complete discovery for failure to show good cause or due diligence in conducting discovery.
 
 
 4
 On July 18, Mercherson sent counsel for the Union a notice of deposition for Union representative Dennis Nanos. She sent this notice by regular mail. On July 22, counsel for the Union received the notice of the deposition to be held on July 25, the discovery cut-off day. The Union could not produce Nanos on that day because of scheduling difficulties. On July 25, Fairview and the Union filed their motions for summary judgment.
 
 
 5
 On July 31, Lake moved to compel the deposition of Nanos. The district court denied that motion orally on August 8. On August 15, Lake filed her responses to the motions for summary judgment. On September 12, the district court entered judgment in favor of Fairview and the Union.
 
 
 6
 Lake appeals three decisions of the district court: its decision not to extend the time for discovery, its decision not to compel the deposition of Nanos, and its decision to grant summary judgment to the defendants. We review the district court's discovery determinations for abuse of discretion. See Miksis v. Howard, 106 F.3d 754, 758 (7th Cir.1997); Gile v. United Airlines, Inc., 95 F.3d 492, 495 (7th Cir.1996); Ross v. Black & Decker, 977 F.2d 1178, 1185-86 (7th Cir.1992); Pfeil v. Rogers, 757 F.2d 850, 857 (7th Cir.1985). We will not find an abuse of discretion "unless one or more of the following circumstances is present: (1) the record contains no evidence upon which the court could have rationally based its decision; (2) the decision is based on an erroneous conclusion of law; (3) the decision is based on clearly erroneous factual findings; or (4) the decision clearly appears arbitrary." Gile, 95 F.3d at 495. Moreover, there must be a "clear showing" that a discovery limitation "resulted in actual and substantial prejudice" to warrant reversal. Id. (quoting Searls v. Glasser, 64 F.3d 1061, 1068 (7th Cir.1995)).
 
 
 7
 First, we examine whether the court's decision not to grant an extension of time to complete discovery was an abuse of discretion. The district court made very clear in its January 30 order that the discovery cut-off date was July 25. The district court reaffirmed this decision in its minute order of March 19. On that date, Lake still had over three months to conduct discovery, yet she did not initiate discovery until July 18, seven days before the cut-off date.
 
 
 8
 "When a party fails to secure discoverable evidence due to his own lack of diligence, it is not an abuse of discretion for the trial court to refuse to grant a continuance to obtain such information." Pfeil, 757 F.2d at 857. Lake does not point to any Gile factor that necessitates a finding of abuse of discretion. Rather, she emphasizes that she was prejudiced by the district court's decision not to grant the extension. We have no doubt that she was prejudiced by that decision in the sense that she was unable to oppose the defendants' motion for summary judgment, but the harm resulted not from abuse of discretion by the district court but by lack of diligence on the part of the plaintiff or her attorneys or both.
 
 
 9
 Second, we examine whether the district court's decision not to compel the deposition of Nanos was an abuse of discretion. The Union received the notice of Nanos' deposition on July 22, three business days before the deposition was to take place. At the hearing on the motion to compel, counsel for the Union explained the problem that "both the deponent and I had previously scheduled engagements that morning and physically were not able to appear at a deposition." Tr. of Proceedings at 2, Lake v. Fairview Nursing Home, Inc., No. 96 C 8546 (N.D.Ill. Aug.8, 1997). In denying Lake's motion to compel Nanos' deposition, the court explained that "I don't consider that reasonable notice particularly when that--when the 25th was the date discovery closed..... [G]iven the fact that the plaintiff waited until virtually the last minute to depose a representative of Local 4, Dennis Nanos [and] notice of the deposition was served by mail, which added to the problem by not furnishing adequate notice, the motion to compel is denied ...." Id. at 2-3.
 
 
 10
 The party seeking to take a deposition must give "reasonable notice." Fed.R.Civ.P. 30(b)(1). The district court decided that Lake had not given reasonable notice, and again Lake does not point to a Gile factor that invites us to find an abuse of discretion on that decision. She relies again on the fact that not taking Nanos' deposition prejudiced her in her efforts to oppose summary judgment. We have no doubt this is true, but again the prejudice is due to her lack of diligence and not to error by the district court.
 
 
 11
 Third, we have reviewed the record, and we agree with the district court's decision to grant summary judgment to the defendants.
 
 
 12
 For the foregoing reasons, the judgment of the district court is AFFIRMED.